Dear Mr. Stokes:
This office is in receipt of your request for an Attorney General's Opinion, on behalf of the Jackson Parish Police Jury, regarding the delivery of potable water to drilling operations located within Jackson Parish by the Ward 4 Fire Protection District of Jackson Parish (the "District").
According to your correspondence, the District, which operates a volunteer fire department, has been utilizing the District's tanker truck to supply potable water to various drilling rigs operating in Jackson Parish, Louisiana. The District purchases the water from the Weston Water System, and then one of the District Firemen, who is already authorized to drive the tanker truck, is paid by the District to pick up the water, deliver that water to the drill site and return the tanker to the fire station. The District bills the drilling operator a fee for the delivery of the water (which you advise more than covers the cost of the water, the cost of the driver and the cost of the fuel used in delivering the water) and the balance of the fee is then used by the District in its operations.
Specifically, the Police Jury asks that we address the following question:
 "Does the use of the Ward 4 Fire Protection District's water tankers delivering potable water to commercial businesses for a fee violate any constitutional or statutory provision of Louisiana law?"
LSA-R.S. 40:1500, which provides for the authority and power of fire protection districts, states:
 "to do and perform all acts in their corporate capacity and in their corporate names necessary and proper for the purposes of acquiring, maintaining, and operating buildings machinery, equipment, water tanks, water hydrants, water lines, and such other things, including both movable and immovable property, as might be necessary or proper for effective fire prevention and control or considered necessary by the governing body of the district for the protection of the property within the district against fire."
This provision of law appears to limit the District to act only as may be necessary to prevent and control fires within the District. As such, it is our opinion that unless the water delivery service fosters the District's fire fighting and prevention efforts, the District has no authority to engage in the business of delivering water.
It has been suggested that the water deliveries may provide the District with the opportunity to regularly use, evaluate and maintain its tanker and related fire-fighting equipment, as well as the opportunity to train District personnel with respect to the proper and efficient use and maintenance of the equipment used in the deliveries. If such is the case, then in our opinion, the use of the water delivery service would fall within the District's authority in accordance with LSA-R.S. 40:1500. Assuming the deliveries serve to foster the purposes of the District as set forth in LSA-R.S. 40:1500, we see no reason why the District should not continue its water delivery service.
You have advised that the water delivery service generates a profit to the District in excess of all costs to the District. We assume that all profits generated thereby are used to foster the District's fire fighting operations. We caution the District that if the consideration received by the District from its water delivery operations is not commensurate with all of the costs associated with the services rendered by the District, the transaction will be deemed an unconstitutional donation. La. Const. Art. VII, Sec. 14. Accordingly, the District should continually monitor all costs associated with the deliveries, in order to insure that the compensation the District receives for water deliveries will be sufficient to cover the costs of the provision of the water, as well as to generate a profit that can be utilized for fire protection services.
We trust the foregoing to be of assistance.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam